IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED - CLERK
U.S. DISTRICT COURT
JUN 14 AM 10: 13
TX EASTERN - LUFKIN
BY_____ D H

| | | |
|---|---|---|
| 1. TOMMIE WELLS, JR. and | § | |
| 2. CHERYL WELLS | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 9:00CV142 |
| 1. NACOGDOCHES COUNTY, TEXAS and | § | JUDGE: HC |
| 2. EDWARD THORNTON | § | JURY DEMANDED |
| Defendants | § | |

## COMPLAINT

Comes now Plaintiffs Tommie Wells, Jr. and Cheryl Wells who for their Complaint state as follows:

I

### Preliminary Statement

1.  Plaintiffs Tommie Wells, Jr. and Cheryl Wells, who were unlawfully arrested for no good reason, commence this action pursuant to 42 U.S.C. §1983 which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation under color of state law of any rights, privileges, or immunities secured by the Constitution and laws.

2.  Plaintiffs also assert a pendent state law claim against Defendants Nacogdoches County, Texas, and Health and Environmental Services Administrator Edward Thornton based on malicious prosecution and tortious interference with a business relationship.

1

3.   Plaintiffs Tommie and Cheryl Wells seek compensatory damages, punitive damages, and a reasonable attorney fee as authorized by 42 U.S.C. §1988.

## II

## Jurisdiction

4.   Jurisdiction over Plaintiffs' claims for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1343(3).  Federal question jurisdiction is also conferred on this Court by 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States.

5.   Plaintiffs' state law claims are asserted under this Court's pendent jurisdiction as expanded by 28 U.S.C. §1367.

## III

## Parties

### Plaintiff

6.  Plaintiffs Tommie Wells, Jr. and Cheryl Wells are husband and wife.  Plaintiffs are and were at all times relevant hereto citizens of the United States and residents of Nacogdoches County, Texas.

### Defendants

7.   Defendant Nacogdoches County is located within the boundaries of the Eastern District of Texas.  It is Defendant Nacogdoches County's responsibility and duty to promulgate and implement policies and procedures providing that citizens are not subjected to arrest or incarceration for alleged health and safety code violations except in accordance with minimum constitutional

2

requirements. It is also Defendant Nacogdoches County's responsibility and duty to hire, fire, discipline, train and supervise Defendant Nacogdoches County's Department of Health and Environmental Services employees. Finally, it is Defendant Nacogdoches County's responsibility and duty not to hire or retain Nacogdoches County Department of Health and Environmental Services employees with a known propensity for harassing citizens.

8. Defendant Thornton is and was at all times relevant hereto a resident of Nacogdoches County, Texas and the Nacogdoches County Health and Environmental Services Administrator. It is and was at all times relevant hereto his responsibility and duty to promulgate and implement policies and procedures providing that citizens are not subjected to arrest or incarceration for alleged health and safety code violations except in accordance with minimum constitutional requirements. It is also Defendant Thornton's responsibility and duty to hire, fire, discipline, train and supervise Defendant Nacogdoches County's Department of Health and Environmental Services employees. Finally, it is Defendant Thornton's responsibility and duty not to hire or retain Nacogdoches County Department of Health and Environmental Services employees with a known propensity for harassing citizens.

3

## IV

### Facts

#### Background

9.   Plaintiffs Tommie and Cheryl Wells are owners of a 40 unit mobile home park located in Nacogdoches County, Texas.   Both Plaintiffs are law abiding citizens who had never been arrested before the catastrophe set out below.

10.   A tenant's toilet overflowed about a week before Plaintiffs were arrested.

11.   Plaintiffs took immediate care of the problem, but in the meantime the yard was saturated.

12.   Plaintiffs used a pump to dry out the area as best they could and the water itself was not contaminated.  However, Plaintiffs did have a mess on their hands until they were able to dry out the area.

13.   Defendant Thornton and Health Inspector Benny Saran began harassing Plaintiffs for no good reason almost from the time Plaintiffs began running the mobile home park.

14.   Defendants Nacogdoches County and Thornton approved each of the septic tanks when they were installed but now Defendants Nacogdoches County and Thornton will not allow Plaintiff Tommie Wells to work on his septic tanks or give him permits to get anything done.

#### What Happened

15.   On or about November 8, 1999 Defendant Thornton prepared and filed separate criminal complaints against both Plaintiffs.

4

16.  On December 10, 1999 Defendant Thornton prepared and filed three additional criminal complaints against Plaintiff Tommie Wells.

17.  All of the complaints contained material false information and Defendant Thornton had actual, or at least constructive, knowledge that all of the complaints contained material false information. Further, Defendant Thornton had actual, or at least constructive, knowledge that arrest warrants would be issued on the basis of his complaints.  Finally, Defendant Thornton had actual, or at least constructive, knowledge that no warrant would have issued but for the material false information included in the complaints.

18.  Defendant Thornton's wrongful acts and omissions are a proximate cause of Plaintiffs' unlawful arrest.

19.  On December 17, 1999 Plaintiffs were arrested and hauled off to jail in front of their children where Plaintiffs were finger printed and mugshotted.  Plaintiffs remained incarcerated until they were able to post bond.

20.  There was no probable cause or any other good reason for arresting either Plaintiff and neither Plaintiff would have been arrested but for the false information included in the criminal complaints.  In fact, Defendant Thornton lacked sufficient facts to give rise to a reasonable suspicion that either Plaintiff violated any law.

21.  Plaintiffs have been devastated by the harassment. Plaintiffs' arrest made the front page of the Nacogdoches Daily Sentinel.  Further, Defendants County of Nacogdoches and Thornton's

5

harassment and negative publicity have ruined Plaintiffs' reputations and have made it impossible for Plaintiffs to obtain needed credit.

22. All of the criminal charged against both Plaintiffs were dismissed on May 2, 2000.

23. Defendant Thornton maliciously prosecuted Plaintiff Tommie Wells. Specifically, criminal prosecutions were commenced against Plaintiff Tommie Wells; the prosecutions were caused by Defendant Thornton or through his aid and cooperation; Defendant Thornton acted with malice in the institution of the proceedings; the criminal proceedings terminated in Plaintiff Tommie Wells' favor; Plaintiff Tommie Wells is absolutely innocent of the charges; and Plaintiff Tommie Wells suffered damages conforming to legal standards.

24. Defendant Thornton maliciously prosecuted Plaintiff Cheryl Wells. Specifically, a criminal prosecution was commenced against Plaintiff Cheryl Wells; the prosecution was caused by Defendant Thornton or through his aid and cooperation; Defendant Thornton acted with malice in the institution of the proceeding; the criminal proceeding terminated in Plaintiff Cheryl Wells' favor; Plaintiff Cheryl Wells is absolutely innocent of the charges; and Plaintiff Cheryl Wells suffered damages conforming to legal standards.

Municipal Liability

25. Defendant Nacogdoches County has delegated to Defendant Thornton full responsibility for running the Nacogdoches County

6

Health and Environmental Services Department. The harassment and unlawful arrest of Plaintiffs proximately caused by Defendant Thornton as set out above were in compliance with the actual policies, procedures, practices and customs of Defendant Nacogdoches County. Specifically, Defendant Nacogdoches County empowered Defendant Thornton and Health Inspector Saran with unfettered discretion to harass citizens and to obtain arrest warrants based on false information and insufficient facts to give rise to probable cause, or even a reasonable suspicion, that the citizen had committed, was committing and/or was about to commit a criminal offense. These deficient policies, procedures, practices and customs are a proximate cause of Plaintiffs' damages.

26. Defendant Nacogdoches County breached its duty to provide Defendant Thornton and Health Inspector Saran with adequate supervision and training. This inadequate supervision and training was caused by Defendant Nacogdoches County's deliberate indifference to Plaintiffs' right to be free from harassment and unlawful arrest. Further, Plaintiffs state on information and belief that Defendant Thornton and Health Inspector Saran received absolutely no supervision from Defendant Nacogdoches County on the occasions in question. Finally, the grossly inadequate supervision is a proximate cause of Plaintiffs' damages.

27. Defendant Nacogdoches County breached its duty to provide the Defendant Thornton with adequate training concerning the requirements for obtaining a lawful arrest warrant and inadequate training concerning relevant state law. This inadequate training

7

resulted from and was caused by Defendant Nacogdoches County's deliberate indifference to Plaintiffs' right to be free from unlawful arrest and harassment. Finally, the grossly inadequate training is a proximate cause of Plaintiffs' damages.

Tortious Interference with Business Relationship

28. Defendants have tortiously interfered with Plaintiffs' business and have acted in bad faith at all times relevant hereto.

Damages

29. Defendants have proximately caused Plaintiff Tommie Wells' damages including mental pain and suffering, severe emotional distress, loss of liberty, damage to reputation, economic loss, and legal fees.

30. Defendants have proximately caused Plaintiff Cheryl Wells' damages including mental pain and suffering, severe emotional distress, loss of liberty, damage to reputation, economic loss, and legal fees.

31. Defendant Thornton's acts and omissions complained of herein were wanton, willful, reckless, and/or intentional rendering appropriate the award of punitive damages.

Miscellaneous

32. Defendants were acting under color of state law at all time relevant hereto.

Causes of Action

Federal Causes of Action

33. The facts set out above amount to unlawful arrests and the deprivation of liberty without due process of law in violation of

8

rights guaranteed to Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution for which redress is provided by 42 U.S.C. §1983.

34. Defendant Thornton, in his individual capacity, is also separately liable for punitive damages because his wrongful acts and omissions were willful, intentional, malicious and/or reckless.

### State Causes of Action

35. The facts set out above amount to malicious prosecution and the tortious interference with a business relationship in violation of state law.

36. Defendant Thornton, in his individual capacities, is also separately liable for punitive damages because his wrongful acts and omissions were willful, intentional, malicious and/or reckless.

### Jury Demand

37. Plaintiffs demand a trial by jury on all issues so triable.

WHEREFORE PLAINTIFFS PRAY that this Honorable Court:

a.   Enter judgment against defendants, jointly and severally and separately, in behalf of Plaintiff Tommie Wells for compensatory damages in an amount that will fully and fairly compensate Plaintiff Tommie Wells for his actual damages proximately caused by the defendants;

b.   Enter judgment against defendants, jointly and severally and separately, in behalf of Plaintiff Cheryl Wells for compensatory damages in an amount that fully and fairly compensate Plaintiff Cheryl Wells for her actual damages proximately caused by the defendants;

c.   Enter judgment for punitive damages against Defendant Thornton, in his individual capacity, in behalf of Plaintiff Tommie Wells in an amount sufficient to punish Defendant Thornton for his misconduct in the case at bar and in an amount sufficient to deter Defendant Thornton and others from doing the same thing to someone else;

d.   Enter judgment for punitive damages against Defendant Thornton, in his individual capacity, in behalf of Plaintiff Cheryl Wells in an amount sufficient to punish Defendant Thornton for his misconduct in the case at bar and in an amount sufficient to deter Defendant Thornton and others from doing the same thing to someone else;

e.   Grant a trial by jury on all issues so triable; and

f.   Grant Plaintiffs any and all additional relief to which she may appear to be entitled including statutory attorney fees, pre-judgment interest, and their costs herein expended.

Respectfully submitted,

Curtis B. Stuckey
Attorney-in-Charge for Plaintiffs
Bar Card No. 19437300

Stuckey, Garrigan & Castetter
Law Offices
2803 North Street; P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020/FAX: (936) 560-9578