IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| 1. TOMMIE WELLS, JR. and | § | |
| 2. CHERYL WELLS | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 9:00CV142 |
| 1. NACOGDOCHES COUNTY, TEXAS and | § | JUDGE COBB |
| 2. EDWARD THORNTON | § | |
| Defendants | § | |

**<u>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCUSE EXPERT REPORTS</u>**

I

**<u>Introduction</u>**

Defendants accurately state that the Docket Control Order provides that defendants must designate expert witnesses and provide expert reports by October 15, 2001.

Plaintiffs received Defendants' Motion to Excuse Expert Reports on October 17, 2001. On the same date plaintiffs received a document styled Defendants' Designation of Expert Witnesses (attached hereto as Plaintiffs' 1) and Affidavit of Keith Socia (attached hereto as Plaintiffs' Exhibit 2).

Defendants give three reasons for seeking to excuse expert reports. First, defendants claim that each expert witness is also a fact witness. Defendants' Motion to Excuse Expert Reports §4. Second, defendants have not retained or employed any of the designated experts to provide expert testimony in this case and none of the designated experts, except Expert Serrano, is an

1

employee of either defendant. Defendants' Motion to Excuse Expert Reports §5. Finally, defendants do not believe that Proposed Expert Socia should be required to provide a report because he has provided "an Affidavit related to the factual basis of the case". Defendants' Motion to Excuse Expert Reports §6.

Plaintiffs will demonstrate below that defendants' motion is without merit.

## II

### Issue

1. Whether defendants should be excused from providing expert reports.

## III

### Facts

All five proposed experts are allegedly mixed fact and expert witnesses. See Defendants' Designation of Expert Witnesses, Plaintiff's Exhibit 1. Proposed Expert Ross is evidently an investigator with the Texas Natural Resources Conservation Commission. Proposed Experts Dillon and Socia are apparently licensed septic system installers. Proposed Expert Thornton is the defendant in this case. Proposed Expert Serrano evidently works for Defendant Nacogdoches County.

The Affidavit of Expert Socia states that he installs both aerobic and conventional septic tank systems and that in his "option [sic] Tommy Wells was in violation of County Laws and the county had the right to arrest the Wells's."

## IV

## Argument

### A. Applicable Precedent

This Court, Honorable John Hannah, Jr. presiding, rejected a similar "Defendants' Motion to Excuse Experts from Disclosure Requirements" in *Verla Martinez v. Rodney Smith, et al.*, Civil Action No. 6:98cv246 (E.D. Tex., Tyler Div.). A copy of the Order denying the motion is attached hereto as Plaintiffs' Exhibit 3. The Court, Magistrate Judge McKee presiding, also rejected a similar "Defendants' Motion to Excuse Experts from Disclosure Requirements" in *Land v. Trinity-Mother Frances Health System d/b/a Mother Frances Hospital, et al.*, Civil Action No. 6:98cv742 (E.D. Tex., Tyler Div.). A copy of the Order denying the motion is attached hereto as Plaintiffs' Exhibit 4.

### B. Defendants' Motion is Inaccurate to the Extent it Claims that No Expert Reports are Necessary Because Some Underlying Documents have been Disclosed

Defendants' motion is wrong and misleading to the extent it implies to the court that plaintiffs already know what the proposed experts' opinions are.[1] It is true that documents bearing significantly on defense must be disclosed to the opposing party in every case, yet this does nothing to diminish the necessity for expert reports.

It is true that defendants' Proposed Expert Thornton has been deposed. However, he was deposed as a fact witness and not an

---

[1] It is no secret that all of the proposed experts' opinions will be favorable to the defendants.

3

expert witness. The remaining proposed experts have not been deposed at all and little useful purpose would be served by deposing them absent an expert report outlining the substance and basis for their opinions.

C. **Expert Reports are Necessary and Important**

Expert reports are the single most effective tool in cross-examining an expert. The expert reports will enable plaintiffs to avoid ambush at trial and will enable plaintiffs to thoroughly cross-exam defendants' experts at trial. This is the purpose of Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Scheduling Order. This usefulness is not diminished one whit by the fact that the proposed experts include a defendant and other mixed fact/expert witnesses.

The expert witness reports should include the following as required by Rule 26(a)(2)(b) of the Federal Rules of Civil Procedure and the Scheduling Order.

1. A written report prepared and signed by the witness that includes a complete statement of all opinions to be expressed and the basis and reasons therefore;

2. Data or other information considered in forming such opinions;

3. The exhibits to be used as a summary of or support for such opinions;

4. The qualifications of the witness;

5. A list of any other cases in which the witness has testified as an expert at trial or in deposition within the preceding four years; and

6. A list of publications authored by the witness during the preceding ten years.

### D. **Proposed Experts Ross, Dillon, Serrano and Socia Should be Required to Provide Written Reports**

Plaintiffs need expert witness reports in order to adequately prepare for trial. Proposed Experts Ross, Dillon, Serrano and Socia are not parties in this case. Plaintiffs are aware of no good reason why these proposed experts should be exempted from the requirements of the Scheduling Order and of the Federal Rules simply because they are presumably not being paid.

### E. **The Fact that Proposed Expert Thornton is a Defendant in this Case Should Not Result in His Being Treated Differently than Other Proposed Experts**

The fact that Proposed Expert Thornton is also a defendant in this case is no reason for exempting him from Local Rule CV-26(d). Plaintiffs are entitled to and need their reports if they are going to give testimony as expert witnesses in this case for the same reasons that plaintiffs need the report from the other experts.

## V

## Conclusion

Plaintiffs respectfully request that Defendants' Motion to Excuse Expert Reports be in all things denied for the reasons set out above.

Respectfully Submitted,

_____
Curtis B. Stuckey
Attorney in Charge for Plaintiffs
Bar Card No. 19437300

Stuckey, Garrigan & Castetter Law Offices
2803 C North Street
P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 FAX: 560-9578

CERTIFICATE OF SERVICE

I hereby certify that I have served all counsel of record in this case including the following with a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendants' Motion to Excuse Expert Reports by sending same via United States regular mail, postage prepaid to:

Christi J. Kennedy/Robert S. Davis
Flowers, Davis, Fraser,
Derryberry & Van Cleef, L.L.P.
815 Rice Road
Tyler, Texas 75703

on the _____ day of October, 2001.

_____
Curtis B. Stuckey

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| TOMMIE WELLS, JR. and | § | |
| CHERYL WELLS | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:00CV142 |
| | § | JUDGE: HOWELL COBB |
| NACOGDOCHES COUNTY, TEXAS and | § | |
| EDWARD THORNTON | § | |

### DEFENDANTS' DESIGNATION OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Defendants Nacogdoches County and Edward Thornton, and file this their Designation of Expert Witnesses:

I.

### EXPERT DESIGNATIONS

1.  Heather Ross, Investigator
    Beaumont Regional Office
    Texas Natural Resources Conservation Commission
    Beaumont, Texas
    (936) 898-3838

    Ms. Ross is a mixed fact and expert witness. She conducted an investigation of the ongoing conditions present at Naconiche Village Trailer Park. She is not under the control of either defendant, is not retained or specially employed to provide expert testimony by either defendant, and she is not employed by either defendant. Therefore, neither Federal Rule of Civil Procedure 26(a)(2) nor local rule CV-26(b) requires that defendants produce a report from Ms. Ross. However, the sum of Ms. Ross's opinions regarding the instant case may be found in the State's petition in cause number GV-100054 in the 200th judicial district court of Travis County, Texas. A copy of this petition has been disclosed to plaintiffs.

2.  Kevin Dillon
    7225 North Street
    Nacogdoches, TX 75961

    Mr. Dillon is a mixed fact and expert witness. He is a licensed septic system



PLAINTIFF'S
EXHIBIT
1
9:00CV142

installer. He is not under the control of either defendant, is not retained or specially employed to provide expert testimony by either defendant, and he is not employed by either defendant. Therefore, neither Federal Rule of Civil Procedure 26(a)(2) nor local rule CV-26(b) requires that defendants produce a report from Mr. Dillon.

3.  Mr. Keith Socia
    63 Ponderosa
    Nacogdoches, Texas 75961

Mr. Socia is a mixed fact and expert witness. He is a licensed septic system installer. He is not under the control of either defendant, is not retained or specially employed to provide expert testimony by either defendant, and he is not employed by either defendant. Therefore, neither Federal Rule of Civil Procedure 26(a)(2) nor local rule CV-26(b) requires that defendants produce a report from Mr. Socia. However, Mr. Socia has provided an affidavit that is attached hereto.

4.  Mr. Edward Thorton
    c/o Flowers Davis, P.L.L.C.
    815 Rice Road
    Tyler, Texas 75703

Mr. Thornton is a mixed fact and expert witness. He was formerly employed by the Nacogdoches County Health and Environmental Services.

5.  Mr. Bennie Serrano
    Nacogdoches Health and Environmental Services
    Nacogdoches County Courthouse
    101 West Main, Suite 112
    Nacogdoches, Texas 75961

Mr. Serrano is a mixed fact and expert witness. The factual basis for his knowledge has previously been disclosed. He has not been retained or specially employed to provide expert testimony by either defendant. Although he is employed by Nacogdoches County, his duties do not regularly involve giving expert testimony. Therefore, neither Federal Rule of Civil Procedure 26(a)(2) nor local rule CV-26(b) requires that defendants produce a report from Mr. Socia.

Defendants reserve the right to call any experts listed by the other parties to this lawsuit. Defendants also reserve the right to supplement as allowed by this honorable Court.

Respectfully submitted,

**FLOWERS DAVIS, P.L.L.C.**
815 Rice Road
Tyler, Texas 75703
(903) 534-8063
(903) 534-1650 Facsimile


_____
**ROBERT S. DAVIS**
State Bar No. 05544200
**CHRISTI J. KENNEDY**
State Bar No. 00787772

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon Curtis B. Stuckey of Stuckey, Garrigan & Castetter, 2803 North Street, P. O. Box 63190, Nacogdoches, Texas 75963-1902, counsel of record for Plaintiff in the above entitled and numbered cause this the 15th day of October, 2001, in the following manner:

___ Via Facsimile

___ Via Certified Mail, Return Receipt Requested _____

___ Via First Class Mail

___ Via Federal Express

___ Via Hand Delivery

_____
CHRISTI J. KENNEDY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| TOMMIE WELLS, JR. AND<br>CHERYL WELLS | § § § | |
| V. | § § | CIVIL ACTION NO. 9:00CV142<br>JUDGE: HOWELL COBB |
| NACOGDOCHES COUNTY, TEXAS and<br>EDWARD THORNTON | § § | |

## AFFIDAVIT OF KEITH SOCIA

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF NACOGDOCHES | § |

Before me, the undersigned authority, personally appeared ___Keith Socia___, who being by me duly sworn, deposed as follows:

"My name is ___Keith Socia___. I am above the age of eighteen (18) and have never been convicted of a crime of moral turpitude. I am of sound mind and capable of making this affidavit. The following facts are within my personal knowledge and are true and correct.

I have my own business doing Septic Maintenance and the Installation of both Aerobic and Conventional systems. Back when Tommy Wells first started to develop the Naconiche Village trailer park he hired me to help put in one Aerobic system, which I kept up a two year maintenance contract on, as well as put in some waterlines.

Edward Thornton with the county agreed to let Tommy put in just a couple of temporary conventional systems until he could afford to put in more Aerobic Systems. I greed to oversee the installation of those two conventional systems. Tommy began to go in behind me and just start adding things. I finished the work I agreed to do. Tommy owed me money, so I refused to put in any more systems until I was paid. Tommy continued putting in his own systems without supervision. He was taking advantage of Edward Thornton. Mr. Thornton bent over backwards trying to help Tommy. Tommy was warned over and over again he just would not comply. Mr. Wells continued to violate the rules and regulation of the County Health Department. Mr. Wells final paid me. I really never had a problem with Mr. Wells but in my option Tommy Wells was in violation of County Laws and the county had the right to arrest the Wells's.

Further Affiant sayeth not."



PLAINTIFF'S EXHIBIT 2 9:00CV142

*Keith Soria*

SWORN TO AND SUBSCRIBED before me on the 16th day of August, 2001.

*Jerri Finchum*
Notary Public, State of Texas

JERRI FINCHUM
NOTARY PUBLIC
State of Texas
My Commission Expires 03-20-2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VERLA MARTINEZ | § | |
| Plaintiff | § § § | |
| v. | § | CIVIL ACTION NO. 6:98cv246 |
| 1. RODNEY SMITH, Anderson County Deputy and | § § § | JUDGE HANNAH |
| 2. BRIAN DANIELS, Anderson County Deputy and | § § § | |
| 3. ANDERSON COUNTY, TEXAS | § § | |
| Defendants | § | |

### ORDER

Defendants having filed "Defendants' Motion to Excuse Experts from Disclosure Requirements"; Plaintiff having filed her response in opposition thereto; it appearing that the motion is without merit; and the Court being otherwise sufficiently advised;

IT IS **ORDERED** that defendants' motion to excuse experts from disclosure requirements be, and hereby is, in all things **DENIED.**

IT IS FURTHER **ORDERED** that defendants' experts shall provide plaintiffs with written expert reports in compliance with *Local Rule CV 26(d).*

SIGNED this 10th day of December, 1998.

_____
UNITED STATES DISTRICT JUDGE

PLAINTIFF'S EXHIBIT 3 9:00CV142

1

EOD OCT 21 '00



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LARRY LAND | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:98CV742 |
| | § | |
| TRINITY-MOTHER FRANCES | § | |
|     HEALTH SYSTEM d/b/a | § | |
|     MOTHER FRANCES HOSPITAL; | § | |
| MACK STEWART, M.D., | § | |
| WILLIAM LEE KENNEDY, | § | |
| CITY OF TYLER, | § | |
| MARC SUMMY GRAY, City of | § | |
|     Tyler Police Officer, | § | |
| RANDY HAMMONTREE, City of | § | |
|     Tyler Police Officer, | § | |
| SMITH COUNTY TEXAS, | § | |
| ERIC CARRINGTON, Former Smith | § | |
|     County Jailer, | § | |
| UNIVERSITY OF TEXAS CENTER | § | |
|     AT TYLER, and | § | |
| KENNETH SALAND, M.D. | § | |

## ORDER

Defendants City of Tyler, Officer Gray, and Officer Hammontree have filed Defendants' Motion to Excuse Experts from Disclosure Requirements; plaintiff having filed his response in opposition thereto; it appearing that the motion is without merit; and the Court being otherwise sufficiently advised;

IT IS ORDERED that Defendants' Motion to Excuse Experts from Disclosure Requirements (Doc. # 49) be and hereby is, in all things DENIED.

IT IS FURTHER ORDERED that defendants' experts shall provide plaintiff with written reports by Monday, November 1, 1999.

1



**SIGNED** this 19th day of October, 1999.

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE

2