UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| TOMMIE WELLS, JR., AND CHERYL WELLS § § § | |
| V. § | CIVIL ACTION NO. 9:00CV142 |
| § | JUDGE: HOWELL COBB |
| NACOGDOCHES COUNTY, TEXAS AND EDWARD THORNTON § § | JURY DEMANDED |

DEFENDANTS' REPLY TO PLAINTIFFS'
RESPONSE TO MOTION FOR SUMMARY JUDGMENT

**NOW COME** NACOGDOCHES COUNTY and EDWARD THORNTON, Defendants in the above styled and numbered cause, and file this their Reply to Plaintiffs' Response to the motion for summary judgment, and in support thereof would respectfully show the following:

## I. BACKGROUND

Plaintiffs have initiated this suit alleging that Nacogdoches County (the "County") and Edward Thornton ("Thornton") caused Plaintiffs' unlawful arrest, maliciously prosecuted Plaintiffs, and tortiously interfered with their business relationships. The County and Thornton jointly moved for summary judgment on the grounds that Plaintiffs cannot prove any of their alleged causes of action. In addition, the County moved for summary judgment on the ground that there was no basis to impose liability on the County for Plaintiffs' federal claims and that the County had not waived sovereign immunity for Plaintiffs' state law intentional tort claims. Thornton moved for summary judgment on the grounds that he was entitled to qualified immunity for Plaintiffs' federal law claims and official immunity for Plaintiffs' state law claims. Plaintiffs have responded to Defendants' motion for summary judgment. However, they have failed to produce evidence sufficient

35

to raise a genuine issue of material fact regarding their causes of action or Defendants' immunity defenses.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) requires "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports that party's claim. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). Unsupported allegations or affidavit or deposition testimony asserting ultimate or conclusory facts and conclusions of law are not sufficient to defeat a motion for summary judgment. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citing *Anderson*, 447 U.S. at 247, 106 S. Ct. at 2509-10). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).

## III. PLAINTIFFS' CAUSES OF ACTION

**A. Plaintiffs are unable to establish the essential elements of their claims.**

  **1. Unlawful arrest under the Fourth Amendment.** Instead of producing competent summary judgment evidence that demonstrates there was no probable cause

for their arrest, Plaintiffs attempts to shift the blame for their criminal conduct from themselves to Thornton. Plaintiffs characterize themselves as "victims of an overzealous governmental official, Defendant Thornton, who converted an essentially civil dispute into the arrest of two innocent citizens." Plaintiffs' attempt to blame Thornton for their own conduct must fail for three reasons:

**a. There was probable cause for Plaintiffs' arrests.** Tommie Wells was not a licensed septic installer, yet he installed and admitted he installed septic systems at Naconiche Village. Tommie Wells discharged and admitted he discharged sewage. Both Cheryl and Tommie Wells maintained a disposal system that created a public health nuisance. Each of these actions of the Wells violated a Health and Safety Code provision that was subject to criminal enforcement. Plaintiffs have not presented any evidence to controvert the evidence of their guilt. Thornton's own observations, together with the complaints made by others and detailed in the summary judgment evidence, were sufficient to warrant Thornton's reasonable belief that Plaintiffs had already committed or were committing the crimes with which they were charged.

In his affidavit, Tommie Wells makes the following conclusory statement, "All of the complaints contained material false information and Defendant Thornton had actual, or at least constructive knowledge that the complaints contained material false information." This is exactly the kind of unsupported allegations asserting ultimate or conclusory facts and conclusions of law that the Fifth Circuit has held insufficient to defeat a motion for summary judgment. See *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The statements contained in the Wells' affidavit are insufficient to defeat summary judgment.

**b. The Wells' crimes were strict liability crimes and did not require proof of a particular mental state.** "[S]trict liability is founded on the premise that the mere doing of the act constitutes the offense and mere lack of intent will not exonerate the party nor does this make the prohibited act any less harmful to society." *State v. Houdaille Indus.*, 632 S.W.2d 723, 729 (Tex. 1982). A person who commits a strict liability crime may be held criminally liable even though he might be innocent of any criminal intent. *Thompson v. State*, 44 S.W.3d 171, 177 (Tex. App. - Houston [14th Dist.] 2001, no pet. h.) (quoting *Vaughan & Sons, Inc. v. State*, 737 S.W.2d 805, 818 (Tex. Crim. App. 1987) (Teague, J., dissenting)).

Plaintiffs violated Health and Safety Code sections that do not require proof of a mental state. Plaintiffs are guilty of the crimes if they exhibited the conduct, without regard to any excuse. Therefore, any permission they received from Thornton or Thornton's changing the rules does not excuse their conduct.[1]

**c. Thornton did not convert a civil dispute into an arrest of innocent persons.** It is not within the power or authority of Thornton, or indeed any individual, to convert civil disputes into crimes. Rather, that power and authority belong to the State of Texas, acting through its Legislature. The Legislature determined that certain Health and Safety Code violations should be subject to criminal enforcement. Thornton merely carried out the duty imposed upon him by the State of Texas.

**2. Malicious prosecution**

Like their unlawful arrest claim, Plaintiffs' malicious prosecution case must also fail.

---

[1] For the purposes of summary judgment only, Defendants accept the facts asserted by Plaintiffs as true. However, Plaintiffs' assertions, such as, that Thornton gave them permission to operate illegal systems for 17 months and "changed the rules," will be disputed at a trial on the merits, if a trial is necessary.

Plaintiffs have failed to present summary judgment evidence that would support their case on four of the elements of malicious prosecution. In order to prevail, Plaintiffs must demonstrate that the criminal action terminated in their favor, that they are innocent, that Thornton acted without probable cause, and that Thornton acted with malice. See Taylor v. Gregg, 36 F.3d 453, 455 (5th Cir. 1994).

**a. The criminal prosecution did not terminate in Plaintiffs' favor because it was dismissed on Plaintiffs' own motion.** See Ellis v. Sinton Sav. & Loan Assn., 455 S.W.2d 834, 842 (Tex. Civ. App. - Corpus Christi 1970, writ ref'd n.r.e.) (holding criminal prosecution does not terminate in the plaintiff's favor when the prosecution is dismissed on the plaintiff's own motion). Further, the dismissal was procured at least mistakenly, if not under false pretenses. Plaintiffs filed Motions to Dismiss on the ground that the Texas Legislature had repealed the Health and Safety Code statutes with which Plaintiffs were charged. This was simply not true. Each of the statutes remains in effect to this date.

**b. The Plaintiffs were not innocent of the charged offenses.** Tommie Wells admitted that he violated several of the Health and Safety Code sections with which he was charged. In her deposition, Cheryl Wells stated that she was not involved in the inner workings of the Naconiche Village trailer park. She does admit, however, that she was CEO of the corporation. Additionally, she does not deny that she operated or maintained a disposal system that created a public health nuisance. This conduct is criminally enforceable under the Health and Safety Code.

**c. Thornton had probable cause to believe that Plaintiffs had violated various Health and Safety Code sections.** Plaintiffs have failed to present evidence that disputes the facts relating to Thornton's formulation of probable cause. During the years 1998 and

1999, Thornton investigated the Naconiche Village Trailer Park, owned and operated by Cheryl Wells and Tommie Wells, Jr. In the course of his investigation and dealings with the Wells, Mr. Thornton observed that the Wells were in violation of numerous statutes and rules relating to the disposal of human waste. The Wells had "bootlegged" septic systems serving the trailer park by adding waste pipes from additional mobile homes to an existing septic system for a different home. This had the effect of overloading the sewage input to the septic system and causing waste to pool on the surface of the property. The Wells also improperly installed septic systems themselves, and failed in some instances to obtain proper permits and licenses for their systems. The Wells also pumped improperly treated human waste into ditches along the public roadways and into the yards of the trailer park residents. Tommie Wells also personally installed septic systems without an installer's license. The Wells' activities created a hazardous and dangerous environment for the residents of Naconiche Village Trailer Park. By accepting tenants' rent and making improvements to her real property, Cheryl Wells aided and encouraged Tommie Wells in the commission of each charged offense and is equally criminally responsible for those offenses.

    **d. The evidence establishes that Thornton did not act with malice toward Plaintiffs.** Thornton had worked with the Wells for 17 months to assist them with the installation of adequate sewage facilities at Naconiche Village. He was deluged with evidence that established that the Wells had committed crimes in the operation of that facility. Thornton finally filed the complaints because the Wells simply would not follow the law and get their systems in compliance with applicable statutes and rules.

    **3. Tortious Interference with Business Relationships**

    In their Response, Plaintiffs contend that there is "substantial evidence" that

Thornton tortiously interfered with their prospective business relationships. However, a review of Plaintiffs' evidence fails to locate this substantial evidence. Plaintiffs state, "there is substantial evidence that the plaintiffs would have entered into prospective relationships and contracts without interference." However, the only evidence presented by Plaintiffs is the conclusory allegation in Tommie Wells' and Cheryl Wells' affidavits, "the harassment and negative publicity ruined my business and dried up our credit forcing my wife and I to file bankruptcy." Plaintiffs do not identify any specific business that they lost or identify even one tenant that left Naconiche Village because of the actions of Thornton or the County. There is, however, uncontroverted evidence that tenants moved out of Naconiche Village because of Plaintiffs' failure to correct sewage problems.

Plaintiffs cannot establish any independent tortious or wrongful act of either Edward Thornton or Nacogdoches County. Plaintiffs have alleged that they were unlawfully arrested on Mr. Thornton's false complaint, but these complaints were not false and were made on probable cause. Plaintiffs further allege that they were maliciously prosecuted. However, Plaintiffs' malicious prosecution claims must also fail because they cannot establish numerous requirements of that cause of action.

**B. Plaintiffs have failed to demonstrate any basis for County liability.**

Plaintiffs have not presented any evidence of an unconstitutional policy, practice, or procedure through which the County unlawfully arrested its citizens. They have also failed to identify any previous problem with enforcement of state health statutes that would impose upon the County a duty to provide additional training. Therefore, the County is not liable for any unlawful arrest of Plaintiffs.

Similarly, Plaintiffs have failed to present any evidence that the County has waived its immunity from suit for the intentional torts of malicious prosecution or tortious interference with business relations. Therefore, summary judgment is proper for the County on these causes of action.

## C. Plaintiffs have failed to present evidence to defeat Thornton's qualified and official immunity

### 1. Edward Thornton enjoys qualified immunity for claims arising under federal law

The doctrine of qualified immunity shields government officials from liability for civil damages so long as the officials' conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Plaintiffs have not and cannot point to a constitutional right to be free from arrest on a criminal statute. Further, it is clear that the law criminalizing Plaintiffs' conduct was clearly established at the time of Plaintiffs' arrest. Thornton swore out the complaints based on 17 months' observation of the Wells repeated violations of the Health and Safety Code and refusal to comply with that Code. The complaints were based on probable cause. Finally, Thornton's actions were objectively reasonable. Both he and his assistant had observed the Wells violate the Code. They had numerous reports and complaints from individuals and the Texas Natural Resources Commission relating to the Wells' illegal acts and mismanagement of the trailer park. The conditions at Naconiche Village posed a serious health risk to the community.

### 2. Official immunity for claims arising under state law

Edward Thornton is entitled to official immunity from Plaintiffs' claims of malicious prosecution and tortious interference with business relations. He investigated the complaints against the Wells, tried to help them over an extended period of time, and only swore out criminal complaints against them after more than a year of their noncompliance.

## IV. CONCLUSION

Neither Nacogdoches County nor Edward Thornton can be held liable for their actions in prosecuting the Wells.

WHEREFORE PREMISES CONSIDERED Defendants Nacogdoches County, Texas and Edward Thornton respectfully urge this Court to grant summary judgment in their favor.

Respectfully submitted,

FLOWERS DAVIS, P. L.L.C.
815 Rice Road
Tyler, Texas 75703
(903) 534-8063
(903) 534-1560 Facsimile

_____
ROBERT S. DAVIS
State Bar No. 05544200
CHRISTI J. KENNEDY
State Bar No. 00787772

**ATTORNEYS FOR DEFENDANTS
NACOGDOCHES COUNTY, TEXAS and
EDWARD THORNTON**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon counsel of record in the above entitled and numbered cause this the 21st day of November, 2001, in the following manner:

___ Via Facsimile

_✓_ **Via Certified Mail, Return Receipt Requested**

___ Via First Class Mail

___ Via Hand Delivery

_____
CHRISTI J. KENNEDY